**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| In Re: Subpoena on D'Brook and Company ) <br> aka D'Brook in the United States District Court ) <br> for the District of Colorado ) <br> _____ ) | Case No.: 2:23-mc-336-DCN |

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**
**DUCES TECUM WITHOUT DEPOSITION DIRECTED AT**
**NON-PARTY D'BROOK AND COMPANY aka D'BROOK**

NOW COMES, LAKESHORE VILLAGE HOMEOWNERS ASSOCIATION, by and through its undersigned counsel, and for its Motion to Compel Compliance with the Subpoena Duces Tecum Without Deposition served upon Non-Party D'Brook and Company aka D'Brook ("D'Brook") issued in the matter of *Lakeshore Village Homeowners Association v. General Star Indemnity Company,* Civil Action No.: 1:22-cv-02046-RMR-STV (D. Colo. – pending) states as follows:

**UNDERLYING FACTS AND PROCEDURAL HISTORY**

1. A lawsuit is currently pending in the United States District Court for the District of Colorado, titled, Lakeshore Village Homeowners Association v. General Star Indemnity Company, Civil Action No. 11:22-cv-02046-RMR-STV (D. Colo. – pending) ("Colorado Lawsuit").

2. The Colorado Lawsuit arises out of Lakeshore Village Homeowners Association's ("Lakeshore") insurance claim for storm/hail damage to the property located at 4835 South Balsam Street, Littleton, Colorado, on or about August 14, 2018. The property consists of 15 multi-family condominium buildings, a clubhouse and 14 detached garages.

3. The Colorado Lawsuit involves an insurance coverage dispute in which claims for

breach of contract, common law bad faith breach of contract, and statutory claim pursuant to Colo.Rev.Stat. §§ 10-3-1115 and 1116 have been asserted.

4. The complaint in the Colorado Lawsuit was filed in state court on or about July 7, 2022, and removed to federal court in the District of Colorado on or about August 11, 2022.

5. D'Brook is an independent insurance claims adjusting firm that investigated the Lakeshore Village claim. D'Brook was originally served with a subpoena *duces tecum* requesting documents related to the subject property and claims. D'Brook's documents and records will have value and aid in litigating this matter.

6. Pursuant to the Fed.R.Civ.P. 45 Lakeshore served its Notice of Subpoenas to be Served on opposing counsel via email, on January 19, 2023. No objection from General Star's counsel was received. Lakeshore served the correlating Subpoena *Duces Tecum* Without Deposition upon D'Brook, by serving its listed Registered Agent, on January 23, 2023. *See* Return of Service attached hereto as Exhibit "A."

7. The subpoena requested various documents to be produced as delineated in Schedule A attached to the subpoena by February 3, 2023.

8. The allotted date and time passed without response, and counsel for Lakeshore followed up with the non-party via letter on February 14, 2023, advising Non-Party D'Brook that its response was overdue. *See* correspondence and UPS confirmation attached here to as Exhibit "B" and Exhibit "C" respectively.

9. Counsel for General Star had communications with D'Brook in early February. D'Brook advised it was aware of the subpoena. Counsel for General Star advises that it has also been unsuccessful in obtaining responsive documentation.

10. Counsel for Lakeshore, receiving no response followed up with an e-mail on

February 20, 2023. *See* attached Exhibit "D".

11. On February 21, 2023, Managing Director of D'Brook (recently been acquired by Adjusteck), Kevin S. Patrick, responded to the February 20, 2023, email stating that he acknowledged receipt of the subpoena. *See* Exhibit "E" attached.

12. Lakeshore's counsel sent follow up emails on February 21 and 22, 2023, to which Mr. Patrick replied on February 22, 2023, advising that he anticipated delivery of the file documentation by March 3, 2023. *See* Exhibit "F" attached.

13. On March 3, 2023, by way of email Mr. Patrick advised that a package was sent out to the Lakeshore's attorney's Colorado office.

14. On March 7, 2023, an envelope was received at the Colorado office, which was empty and void of content. *See* Exhibit "G" attached.

15. On March 7, 2023, counsel contacted Mr. Patrick and advised of the situation, and in order to facilitate and expedite matters provided a Sharefile link to upload responsive documents.

16. On March 8, Mr. Patrick advised that he did not know what happened and would send responsive documents out Monday (March 13, 2023) when he got back to the office. A response was sent to Mr. Patrick, discussing the matter and the delays. An additional request was made for the documents via the Sharefile link, and an additional extension was provided through March 13, 2023.

17. On March 14, 2023, counsel for Lakeshore received certain documents via the Sharefile link provided, however, this was clearly a very limited partial production as it was evident that most of the file was missing.

18. On March 14, 2023, counsel for Lakeshore again wrote to Mr. Patrick and advised

of the deficiencies in the production and requested that it be supplemented by close of business March 15, 2023. *See* Exhibit "H" attached, which provides the various threads of email conversation.

19. As of the date of this filing, no other communication and/or additional documents have been received.

20. The records and documents of D'Brook and Company are reasonably calculated to lead to the discovery of admissible evidence, and therefore are relevant under Fed.R.Civ.P. 26(b)(1) to aid Plaintiff to properly prepare this matter for trial. The document requests are proportionate to the needs of the litigation and create no undue burden on D'Brook. No objection to the service or scope of the subpoena has ever been received.

**CONCLUSION**

21. For the reasons set forth above, Lakeshore Village Homeowners Association, respectfully requests that this Court compel D'Brook and Company to respond fully to the subpoena and to produce the remainder of records and documents sought in its Subpoena Duces Tecum Without Deposition on or before a date certain and for any other relief this Honorable Court deems fair and just.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

22. Pursuant to D.S.C. Local Rule 7.02, counsel for Lakeshore is under no duty to consult with a pro se litigant; however, as detailed in the above progression of events and attached exhibits, counsel has attempted to resolve the issues without success. Counsel conferred in good faith with counsel for Defendant General Star prior to filing this motion, this motion is unopposed.

Respectfully Submitted,

MULLEN WYLIE, LLC

/s/ *Allison B. Thompson (7166)*
Robert L Wylie IV, Esquire (Fed.#5153)
Mullen Wylie, LLC
4717 Jenn Drive
Myrtle Beach, SC 29577
Telephone: (843) 449-4800
Email: rwylie@mullenwylie.com
-And-
Allison Burke Thompson (Fed.#7166)
Mullen Wylie, LLC
171 Church Street, Suite 370
Charleston, SC 29401
Telephone: (843)853-6200
Email: athompson@mullenwylie.com
*Attorneys for Lakeshore Village Homeowners Association*

**Colorado Lawsuit**
Christopher N. Mammel, Esq.
Merlin Law Group, P.A.
1001 17th Street, Suite 1150
Denver, CO 80202
Email: camammel@merlinlawgroup.com
*Attorneys for Lakeshore Village Homeowners Association – Colorado Lawsuit*

May 22, 2023
Myrtle Beach, South Carolina